UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN D. SMITH, on behalf of himself and all others similarly situated, <br>          Plaintiff <br><br> v. <br><br> J.A. CAMBECE LAW OFFICE, P.C. and J. ANTHONY CAMBECE, <br>          Defendants | Civil Action No. <br><br> 07-40144 |

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In this action, plaintiff contends that the defendant, a collection law firm, violated the FDCPA by including certain deceptive and unfair statements in one of its standard dunning letters. Plaintiff further contends that the principal of said law firm was personally involved in formulating, implementing, and/or ratifying its unlawful conduct and is therefore jointly and severally liable to plaintiff. Plaintiff seeks relief for himself and a class of Massachusetts consumers subjected to the same unlawful conduct.

RECEIPT # 4/5/83
AMOUNT $ 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 5/15/07

## Parties

1. Plaintiff Stephen D. Smith is an individual who at all relevant times has resided in Leominster, Worcester County, Massachusetts.

2. Defendant J. A. Cambece Law Office, P.C.("law firm") is a professional corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Peabody, Essex County, Massachusetts.

3. Defendant J. Anthony Cambece ("Cambece") is an individual and licensed Massachusetts attorney who, on information and belief, is the president and principal shareholder of defendant J. A. Cambece Law Office, P.C.

4. Defendants are "debt collectors" within the meaning of 15 U.S.C. §1692a(6).

## Jurisdiction and Venue

5. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

7. On information and belief, defendant law firm was hired to collect from plaintiff a consumer debt allegedly owed to an entity known as CACH, LLC.

8. Defendant law firm sent plaintiff a letter dated September 20, 2006 in connection with the alleged debt. Said letter stated in pertinent part:

> As you know from our first and second letter, we represent the above named CACH, LLC. As we have not heard from you, it unfortunately appears that you have chosen to ignore this matter.
> As we stated in our last letter to you, our client has already directed us to draft and file a civil complaint for breach of

> contract. We have already drafted this complaint, but want to give you one last opportunity to contact this firm to resolve this matter voluntarily without the need for litigation. If we do not hear from you within three (3) business days from the date of this letter we will have no option but to file suit as directed by our client.

A true copy of said letter is appended to this complaint as Exhibit A.

9. On information and belief, J. Anthony Cambece was personally involved in formulating and/or implementing the above-described language used by defendant law firm, and/or ratified same.

10. Plaintiff did not contact defendant law firm within three (3) business days of the date of the letter, as he was confused by the above-described language and, in any event, did not have sufficient time to do so.

11. On or about October 22, 2006, defendant law firm brought suit against plaintiff for the alleged debt on behalf of CACH, LLC. in the Leominster District Court.

## COUNT I

12. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13. The letter (Exhibit A) is misleading and deceptive in violation of 15 U.S.C. §1692e because it states that defendant law firm's client had directed it to file a complaint against plaintiff while also stating that the matter could be resolved without the need for litigation.

## COUNT II

14. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

15. The language in the letter (Exhibit A) affording plaintiff only 3 business days from its date to contact defendant law firm in order to avoid litigation – and not defining the

term "business day" - constitutes an unfair means of attempting to collect a debt in violation of 15 U.S.C. §1692f.

### COUNT III

16. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

17. On information and belief, as of the date of the letter (Exhibit A) defendant law firm had not drafted an actual court complaint to be filed against plaintiff, and as a result the letter was false, misleading, and deceptive in violation of 15 U.S.C. §1692e.

### Class Allegations

18. Plaintiff brings this action on behalf of himself and classes of persons similarly situated. Class members in Counts I and II (Class "A") are all Massachusetts residents to whom defendant law firm sent a letter concerning a consumer debt within one year prior to the filing of this complaint, which letter contained the identical (or substantially similar) language set forth above and was not returned as undeliverable. Class members in Count III (Class "B") are Class "A" members against whom an actual court complaint had not been drafted as of the date of the subject letter. Excluded from each class are current and former officers, directors, employees, and agents of defendant law firm. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

19. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendants are debt collectors under the FDCPA, and whether the letter violates the FDCPA as alleged.

4

20. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

21. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

22. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv) award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(v) award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

STEPHEN D. SMITH
By his attorney:

_____
Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com

**EXHIBIT A**



**J. A. CAMBECE LAW OFFICE, P.C.**
Attorneys at Law

*Main Office/Return Mail Service:*
Eight Bourbon Street
Peabody, Massachusetts 01960

*Satellite Offices:*
99 Rosewood Drive, Suite 111
Danvers, MA 01923

199 Rosewood Drive, Suite 110
Danvers, MA 01923

27 Congress Street, Suite 207
Salem, MA 01970

800 Turnpike Street, Suite 201
North Andover, MA

September 20th, 2006

STEVE SMITH
23 SUNSET DR
LEOMINSTER MA 01453-4922

RE:   CREDITOR:                  CACH, LLC

YOUR ACCOUNT NUMBER:        13511024060505632
ORIGINAL CREDITOR:          PROVIDIAN BANK
ORIGINAL ACCOUNT NUMBER:    4185511002135254
PRINCIPAL:                  $3,603.94
INTEREST:                   $356.97
CURRENT BALANCE:            $3,960.91

DEAR STEVE SMITH;

As you know from our first and second letter, we represent the above named CACH, LLC. As we have not heard from you, it unfortunately appears that you have chosen to ignore this matter.

As we stated in our last letter to you, our client has already directed us to draft and file a civil complaint for breach of contract. We have already drafted this complaint, but want to give you one last opportunity to contact this firm to resolve this matter voluntarily without the need for litigation. If we do not hear from you within three (3) business days of the date of this letter we will have no option but to file suit as directed by our client.

**If you would like to make a payment online, please go to
https://www.cambecelaw.securepaybyweb.com
Username: paynow
Password: jan**

Please call our office. Our toll free number is 1-866-879-3740.

If you have a complaint about one of our staff, please call our complaint hotline 866-200-9339.

A24

*J.A. Cambece Law Office, P.C.*

This communication is from a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose.
SEE THE REVERSE SIDE FOR REQUIRED STATE COMPLICANCE INFORMATION.