UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN D. SMITH,<br>on behalf of himself and all others<br>similarly situated,<br>    Plaintiff<br><br>v.<br><br>J.A. CAMBECE LAW OFFICE, P.C. and<br>J. ANTHONY CAMBECE,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-40144-FDS<br>)<br>)<br>)<br>) |

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL**

On June 19, 2009, this case came before the Court for final approval of the Class Action Settlement Agreement and for dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's order of December 15,, 2008.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of November 24, 2008.

2. Within ten days of filing the proposed settlement with the Clerk of the Court Defendants complied with the requirements of 28 U.S.C. § 1715.

1

3. By Order dated December 15, 2008, the Settlement Agreement was preliminarily approved by the Court pursuant to Fed. R. Civ. P. 23, and this Court certified the Settlement Class. The total Class consists of two separate classes, which are defined as follows:

> "Class "A" consists of all natural persons with Massachusetts addresses to whom, during the period from May 16, 2003, through the date of this order, Defendants sent the form letter designated as "AC-14."
>
> "Class B" is a sub-set of Class A consisting of all natural persons with Massachusetts addresses to whom, during the period from May 16, 2006, through the date of this order, Defendants sent the form letter designated as "AC-14."

4. The Classes are further restricted as follows: membership in one or both of the classes is restricted to those persons whose debts that were the subject of such letters were incurred for personal, family, or household purposes, and whose letter was not returned as undeliverable by the Postal Service.

5. The Classes exclude any consumers who would meet the class definition but who have previously released Defendants for the claims asserted in the litigation. Subject to such exclusions Defendants have represented to the Court that the Class consists of approximately 12,111[1] persons.

6. The Complaint in this action alleges that Defendants violated the Fair Debt Collection Practices Act and Mass. Gen. Stat. Ch. 93A. Defendants deny Plaintiff's allegations and assert, *inter alia*, that their conduct was not in violation of those Acts. The settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

---

[1] The Defendants originally identified 12,569 class members. Upon further analysis, the Defendants have determined that multiple names should be removed as duplicates, such that the correct number of class members is no more than 12,111. Defendants have advised Plaintiff of this development.

7. On December 15, 2008, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a preliminary determination that: (i) the proposed settlement class was potentially certifiable under Fed. R. Civ. P. 23(b)(3); and (ii) the proposed settlement of the claims of Class A and Class B against Defendants appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

8. The Notice that was approved by the Court and mailed to the members of the Class gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendants, Defendants' defenses, the terms of the settlement, the proposed compensation to the Class, the proposed compensation to the Class Representative, the proposed payment to Class Counsel, the method by which they could opt out, and the method by which they could object to the Settlement.

9. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was mailed by the claims administrator to all but 38 members of the Settlement Class.

10. However, Defendant did not have addresses for 38 members of the putative class; therefore, those persons could not be sent notice of the proposed class settlement.

11. Furthermore, notices to 471 members, and later 99 other members, of the putative class were returned by the Postal Service without forwarding addresses and, after a search was made of the National Change of Address Database, notices were re-sent to those persons at new addresses obtained from that database. However, the timing of the re-mailings did not leave adequate opportunity for those class members to be heard regarding the class settlement. Consequently and in accordance with this Court's Order dated March 26, 2009 (Document No.

48) and this Court's Order from the hearing on May 14, 2009, the defendants sent postcard notices, in specified forms, first to the 471 members, and later to the 99 members, notifying these members that the deadlines for them to act in accordance with the Original Notice had been extended to a date specific.

12. To date a total of ten (10) members of the class elected to opt out of this action. Those persons are listed on the attached Exhibit A and are excluded from the Settlement Class. They shall not be bound by the settlement, the release, nor the injunctive relief described below. Furthermore, the 38 class members who could not be given notice are hereby excluded from the Class. They, too, shall not be bound by the settlement, the release, nor the injunctive relief described below. Defendant has filed a sealed exhibit containing the names of those persons, and such exhibit shall remain under seal. However, upon written inquiry the Court Clerk shall respond informing any person making such inquiry as to whether or not (s)he is listed on the sealed exhibit.

13. To date the objection from the Estate of Thomas P. Hiller is the only objection that has been received. This Court overruled that objection and deemed the Estate to have opted out. The Estate is included with the ten (10) members who opted out.

14. The procedures set forth in the Settlement Agreement and the preliminary approval order for opting out or objecting are fair, adequate, and reasonable.

15. The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

16. The Settlement Agreement calls for Defendants to make payments to Plaintiff and the Class which the Court finds to be fair, reasonable, and adequate.

17. The Court hereby directs that Defendants shall provide the following relief to Plaintiff and the Class:

    A. Defendants shall pay the total sum of $1,000.00 to Plaintiff in full satisfaction of his claims for FDCPA statutory damages.

    B. Defendants shall pay the total sum of $10.00 to Plaintiff in full satisfaction of his claims for Mass. Gen. Laws c. 93A damages.

    C. Defendants shall pay the additional sum of $2,500.00 to Plaintiff as an enhanced recovery in consideration of his service to the Class.

    D. Defendants shall pay the total sum of $10.00 to each member of Class A who does not opt out of the class in full satisfaction of each such class member's claims for Mass. Gen. Laws c. 93A damages;

    E. Defendants shall pay the total sum of $15,000.00, to be divided equally among all members of Class B who do not opt out of the Class in full satisfaction of each such class member's claims for FDCPA statutory class damages.

    F. Defendants shall no longer employ the language challenged in this lawsuit as set forth in the form dunning letter attached as an Exhibit to the Amended Complaint in this action.

18. The Court finds that Class Counsel has secured such payments for the benefit of the Class, and that he should be compensated for his reasonable and necessary attorney's fees and expenses in this case in the amount of $46,250.00, which is to be paid by Defendants in addition to the compensation to Plaintiff and the Class.

19. All checks to Class Members will expire after 120 days after they are issued. Any such checks that are uncashed by Class Members, either because the settlement check was

returned as undeliverable or without a forwarding address, or because the check remains uncashed 120 days after distribution, shall be paid to National Consumer Law Center in Boston, Massachusetts, as a *cy pres* remedy.

20. The Court finds the settlement to be fair, adequate and reasonable for the following reasons, among others, (1) the Class is receiving compensation in the maximum amount permitted by the FDCPA, and in an amount which is sufficient under state law in light of the disputes regarding the alleged violation, the availability of a recovery under state law, and the certifiability of a class action under ch. 93A; (2) there has been no admission of wrongdoing, and Defendants have not been found to have acted unlawfully; and (3) Defendants have ceased using the letters at issue in this case. .

21. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.

22. All checks required by the settlement shall be sent by or on behalf of the defendants in accordance with the terms of the Settlement Agreement.

23. Payment by the Defendants of the fees and costs to Class Counsel as set forth above is hereby approved as such fees are reasonable in this case.

IT IS THEREFORE, ORDERED THAT:

i. The Settlement Agreement dated November 24, 2008, is hereby approved.

ii. For Stephen D. Smith, his heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges J.A. Cambece Law Office, P.C. and J. Anthony Cambece and all of their respective principals, members, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors,

assigns, insurance carriers (including, without limitation, Federal Insurance Company), sureties, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that Stephen D. Smith may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, rising pursuant to contract, tort, common law, or regulation, that Stephen D. Smith may have against the parties herein released.

    iii.    For the Class, and the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges J.A. Cambece Law Office, P.C. and J. Anthony Cambece, and all of their respective principals, members, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers (including, without limitation, Federal Insurance Company), sureties, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which now exist as a result of their use of collection letters in substantially the same form as Defendants' AC-14 letter.

    iv.    Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against the released parties, arising out of or relating to the released claims. Defendants shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) against Plaintiff or against any member of the Class arising out of the filing of this action.

v.  The underlying debts which Defendants were attempting to collect, via the letters at issue are in no way affected or impaired by this judgment, and nothing contained herein or in the Settlement Agreement shall prevent Defendants or their clients from continuing to attempt to collect the debts allegedly owed by the Class Members. Furthermore, nothing in this judgment shall bar the assertion of any defenses to such debts that are not related to or arising out of the released claims. The Court expressly finds that Class Counsel does not represent any of the class members in connection with the underlying debts, and he shall have no obligation to the class members in connection with such matters unless separately retained.

vi.  Defendants shall distribute the settlement funds as described above.

vii.  This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

viii.  All claims for contribution, indemnification or reimbursement, however denominated, against Defendants arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendants are hereby extinguished, discharged, satisfied, barred, and enjoined.

ix.  Except for the relief granted in this judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

x.  This order resolves all claims against all parties in this action and is a final judgment. The Clerk is directed to close this case.

Signed this 19th day of June, 2009.

/s/ F. Dennis Saylor
HON. F. DENNIS SAYLOR, IV
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

1. Virginia E. Bradley, 32 Sea St. Ext., Apt. 11, Hyannis, MA 02601

2. Irshad Khan, 18 Autumn St., Somerville, MA 02145

3. Dane DiCarlo, 140 Forest St., Fall River, MA 02721

4. John Belliveau, 53 Spring St., Hyannis, MA 02601

5. Maria Barbosa, 74 Hemlock St., New Bedford, MA 02740

6. Gerald J. Tavares, 17 Morris Ave., Swansea, MA 02777

7. Jay A. Robbins, P.O. Box 1403, Springfield, MA 01101

8. Jeffrey Spooner, P.O. Box 87126, S. Dartmouth, MA 02748

9. Maximo Crispin, 25 Lamartine St., Jamaica Plain, MA 02130

10. Estate of Thomas P. Hiller, 21 Summit St., Philadelphia, PA 19118

1415219v1